IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAN ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H:10-1347 |
| | § | |
| AN DAO d/b/a XUAN LOAN FABRICS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant's Memorandum of Law in Support of Motion to Dismiss Complaint or Transfer Action (Document No. 7). After reviewing the motion, response, replies, and the applicable law, the Court concludes that this case should be transferred.

I.  Background

Plaintiff, doing business in Houston, Texas under the name Nutrition Depot, manufactures and distributes dietary supplements, including a product known as Royal Jelly No. 63.[1] Plaintiff alleges that Defendant An Dao, d/b/a Xuan Loan Fabrics, sold counterfeit Royal Jelly No. 63 at Defendant's shop in Westminster, California.[2] Plaintiff asserts violations of unfair competition laws under common law and the Lanham Act, infringement of its trade dress, and copyright infringement due to Defendant's alleged sale

---

[1] Document No. 10 at 1, 3 (First Am. Cmplt.).

[2] Document No. 10 at 3.

of counterfeit Royal Jelly No. 63 in packaging identical to Plaintiff's.[3]

Defendant owns Xuan Loan Fabrics, which is in the "retail, fabrics and sundries" business.[4] Defendant purchased Royal Jelly No. 63 from Nutrition Depot in Houston, Texas by telephone on multiple occasions.[5] Otherwise, Defendant has never been to Texas and undertakes no business in Texas.[6] Xuan Loan Fabrics has no web site, and Defendant does not solicit sales or advertise on the internet.[7] Defendant sells and advertises products in California, and solicits no sales in Texas.[8] Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) (improper venue) or in the alternative to transfer to the Central District of California.[9]

## II. Discussion

### A. Standard of Review

Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that venue is proper. Psarros v.

---

[3] Id. at 4-7. Plaintiff owns a registered copyright in its Royal Jelly No. 63 labels. Id. at 6; Document No. 1, exs. B & C.

[4] Document No. 7, ex. 3 at 2 (An Dao Decl.).

[5] Id.; Document No. 8-2 at 3-4.

[6] Document No. 7, ex. 3 at 2-3.

[7] Id.

[8] Id., ex. 3 at 3.

[9] Document No. 7.

Avior Shipping, Inc., 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002); Laserdynamics Inc. v. Acer Am. Corp., 209 F.R.D. 388, 390 (S.D. Tex. 2002); 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826, at 556-58 (3d ed. 2007). Moreover, a plaintiff must show that venue is appropriate as to each claim. See McCaskey v. Cont'l Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) ("[I]t is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant." (quoting Hickey v. St. Martin's Press, Inc., 978 F. Supp. 230, 240 (D. Md. 1997))). In resolving a motion to dismiss under Rule 12(b)(3), a court "may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the court's resolution of disputed facts." EnviroGLAS Prods., Inc. v. EnviroGLAS Prods., LLC, 705 F. Supp. 2d 560, 567 (N.D. Tex. 2010) (citing Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009)). Uncontroverted allegations in the plaintiff's complaint are accepted as true, and factual conflicts are resolved in the plaintiff's favor. Braspetro Oil Servs. Co. v. Modec (USA), Inc., 240 F. App'x 612, 615 (5th Cir. 2007) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004); 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed. 2004)).

B.   Venue

    1.   Copyright Claim

Plaintiff in its Complaint at first alleged that venue is proper under 28 U.S.C. § 1391(a)(3), which Defendant pointed out was inapplicable.  Next, Plaintiff filed its First Amended Complaint, in which it abandoned its first theory and asserted that venue is proper in this district under 28 U.S.C. § 1391(b)(2):

> [A] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b)(2).  Plaintiff emphasizes in its amended venue allegation that this district is where "a *substantial part of property* that is the subject of the action is situated."[10]  However, Plaintiff identifies no property located within this district either in its First Amended Complaint or in its briefing.  At the Rule 16 Scheduling Conference, Plaintiff stated that this assertion is based upon its copyright infringement claim: because the copyright was registered in Houston, Plaintiff asserts, the copyright is located within this district, and therefore section 1391(b)(2) provides for venue here.

---

[10] Document No. 10 at 2 (First Am. Cmplt.) (emphasis in original).

Plaintiff cites no case law, and the Court is aware of none, supporting the proposition that a copyright--which is an intangible property right[11]--constitutes property located within a district for purposes of venue under section 1391(b)(2). Indeed, "[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts," but rather by 28 U.S.C. § 1400(a), the copyright venue provision. Lumiere v. Mae Edna Wilder, Inc., 43 S. Ct. 312, 312 (1923) (Brandeis, J.) (discussing section 51 of the Judicial Code (Act of March 3, 1911, ch. 231, 36 Stat. 1101) (general venue); Act of March 4, 1909, ch. 320, § 35, 35 Stat. 1075, 1084 (copyright venue))[12]; see also Time, Inc. v. Manning, 366 F.2d 690, 696 (5th Cir. 1966) (noting that "the parties' different theories of the cause of action appear to be of some moment," because if the plaintiff's cause of action was actually a claim under federal copyright law, "the suit may be brought *only* in the district where

---

[11] *See* 17 U.S.C. § 202 (distinguishing ownership of copyright from ownership of a material object); United States v. Smith, 686 F.2d 234, 239 (5th Cir. 1982) ("[A] copyright is nothing more than an incorporeal, intangible right or privilege to engage in or to authorize certain activity.").

[12] Section 1400(a) contains the same relevant language as the Copyright Act of 1904, which stated:

> That civil actions, suits, or proceedings arising under this Act may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found.

Act of March 4, 1909, ch. 320, § 35, 35 Stat. 1075, 1084.

the defendant 'resides or may be found'" (quoting 28 U.S.C. § 1400(a)) (emphasis added)); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (section 1400(a), not the general venue provision, governs venue of suits for copyright infringement (citing Lumiere)). Accordingly, because Plaintiff has failed to plead and to show that venue is proper in this district, the case is subject to dismissal or transfer.

Assuming, however, that Plaintiff has somehow implicitly relied on the applicable venue statute, it still has failed to show venue in this district. Section 1400(a) states that:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

28 U.S.C. § 1400(a). "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. Civ.A.3:02-CV-1408-G, 2004 WL 1243153, at *13 (N.D. Tex. June 4, 2004). Under this inquiry, a defendant's contacts with a judicial district are analyzed as if the district were a state. See 14D WRIGHT ET AL., supra § 3819, at 434 (3d ed. 2007).

Defendant asserts that venue cannot be proper under section 1400(a) because Defendant lacks sufficient minimum contacts with

Texas for the exercise of personal jurisdiction by a court of this state, let alone of this district. Plaintiff alleges that Defendant was amenable to the exercise of personal jurisdiction in this district at the outset of this suit because, for a period of at least two years, Defendant continuously ordered Royal Jelly No. 63 from Plaintiff in Houston.[13] Moreover, Plaintiff alleges that Defendant's infringing actions harmed Plaintiff in Texas, which it argues establishes personal jurisdiction under the Calder effects test.[14]

In McFadin v. Gerber, the Fifth Circuit rejected the plaintiffs' argument that one defendant's alleged sale of trademark-infringing counterfeit handbags outside of Texas "has caused injury in Texas and that these injurious effects should be sufficient to establish personal jurisdiction." 587 F.3d 753, 762 (5th Cir. 2009). Though the issue in McFadin was trademark rather than copyright infringement, the analysis of a defendant's contacts under the effects test is highly persuasive. The Fifth Circuit noted that "[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." Id. (quoting Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999)). While one defendant's "actions of

---

[13] Document No. 8-1 at 6.

[14] Document No. 11 at 4-5; see also Calder v. Jones, 104 S. Ct. 1482 (1984).

selling allegedly infringing handbags [was] not directed towards Texas in any manner," id. at 762, the Fifth Circuit found that other defendants *had*, through an agent, "purposefully directed the sale of their [allegedly infringing] handbags to Texas such that they could reasonably anticipate being haled into court there." Id. at 763.

Here, there is neither an allegation nor any evidence that Defendant has directed any sales of the allegedly infringing Royal Jelly No. 63 in Texas, nor even that there have been *any* sales of Defendant's products in Texas, making it similar to the defendant over whom the Fifth Circuit in McFadin concluded the district court could not exert personal jurisdiction.

Plaintiff points only to Defendant's telephonic orders of legitimate Royal Jelly No. 63 from Plaintiff in Houston, which, unlike the sale of infringing goods in a trademark case, does not give rise to Plaintiff's cause of action for copyright infringement.[15] Because Plaintiff's claims do not arise from Defendant's only acts directed at Texas, Defendant was not amenable to personal jurisdiction in this district at the time Plaintiff instituted this suit. See Wien Air Alaska, 195 F.3d at 213 (holding that "the tortious nature of the directed activity constitutes purposeful availment," and distinguishing cases finding no personal jurisdiction based on defendants' contacts with forum

---

[15] See supra n.16.

where "the communications with the forum did not actually give rise to a cause of action"). Therefore, this suit was not instituted in a district in which Defendant could be "found," making venue also improper under section 1400(a).

### 2. Plaintiff's Remaining Claims

Likewise, venue is not proper under § 1391(b)(2) for any of Plaintiff's Lanham Act claims. Infringing acts under the Lanham Act typically are held to take place "not only where the infringing labels are affixed to the goods, but where confusion of purchasers occurs." 6 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:63, at 32-153 (4th ed. 2010); see also Tex. Marine & Brokerage, Inc. v. Euton, 120 F. Supp. 2d 611, 612-13 (E.D. Tex. 2000). There is no allegation or indication on the record from which either infringing acts or confusion in Texas can be inferred. Finally, Plaintiff has made no showing whatsoever regarding venue for its unfair competition claims, and therefore has failed to carry its burden to show that venue is appropriate regarding those claims. See McCaskey v. Cont'l Airlines, Inc., 133 F. Supp. 2d 514, 523.

### C. Transfer

Rather than dismissing a case when venue has not properly been laid, a court has discretion to transfer the case to a proper

district "if it be in the interest of justice." 28 U.S.C. § 1406(a); Dubin v. United States, 380 F.2d 813, 816 (5th Cir. 1967). "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." Chenevert v. Springer, No. C-09-35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) (quoting James v. Booz-Allen, 227 F. Supp. 2d 16, 20 (D.D.C. 2002); see also 14D WRIGHT ET AL., supra § 3827, at 605 ("Since the presumption should be in favor of transfer as the normal procedure, dismissal is only appropriate in unusual circumstances."). The Court finds that the interest of justice is served by transfer to the Central District of California, where this action could have been brought.[16] Defendant is subject to personal jurisdiction there, and it is uncontested that Defendant's business operates entirely within the

---

[16] Plaintiff asserts that California Corporations Code Section 17456(a) barred it from suing in California. Document No. 8-1 at 7. This assertion is incorrect. Section 17456 only states that unincorporated associations doing "*intra*state business" in California lack capacity to sue in "any court of this state until it has registered in this state." CALIF. CORP. CODE § 17456(a). Leaving aside that Plaintiff apparently conducts *inter*state--not *intra*state--business in California by shipping products from Texas to California, Federal Rule of Civil Procedure 17(b)(3)(A) provides that an unincorporated association has capacity to sue in federal court "to enforce a substantive right existing under the United States Constitution or laws," regardless of a lack of capacity under state law. FED. R. CIV. P. 17(b)(3)(A); see also Albers v. Guthy-Renker Corp., 92 F. App'x 497, 499 (9th Cir. Mar. 17, 2004) (unpublished op.) (noting that Rule 17 permits unincorporated associations to sue in federal court to enforce a federal right regardless of their capacity to sue in the forum state).

Central District of California,[17] which would make venue proper there for all respective claims under both sections 1391(b) and 1400(a).

### III. Order

For the foregoing reasons, it is

ORDERED that Defendant's Memorandum of Law in Support of Motion to Dismiss Complaint or Transfer Action (Document No. 7) is DENIED to the extent that Defendant seeks dismissal for improper venue, and GRANTED with respect to its alternative request for transfer, and this case is TRANSFERRED to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1406(a).

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Central District of California, Southern Division, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 7TH day of December, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[17] Document No. 7, ex. 3 at 2-3 (An Dao Decl.).

11